IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MICHAEL HEMPHILL,** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| vs. | * | Case No. **RWT 06-CV-274** |
| | * | |
| **SAFEWAY, INC.,** | * | |
| | * | |
| Defendant | * | |

**MEMORANDUM OPINION**

On July 28, 2005, Plaintiff Michael Hemphill ("Hemphill") filed a complaint in the Circuit Court for Montgomery County alleging that Defendant Safeway, Inc. ("Safeway") discriminated against him in violation of Md. Code Article 49B, Section 42. Safeway accepted service of the Complaint on October 17, 2005, and filed a Notice of Removal on February 1, 2006. Hemphill has filed a Motion to Remand alleging that the case was not removed within the thirty-day period provided in 28 U.S.C. 1446(b). The Court now rules, no hearing being deemed necessary. L.R. 105.6

Courts routinely remand cases back to state court when a defendant's motion for removal is not timely filed. See, e.g., Barton v. Insignia Mgmt. Group, et al., 5 F. Supp. 2d 357 (D. Md. 1998). Generally, defendant(s) must file a notice of removal within thirty days after receiving a copy of the initial pleading. See 28 U.S.C. § 1446(b). If, however, the case stated by the initial pleading is not removable, "a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id. In other words, "[i]n a case not originally removable, a defendant who receives a pleading or other paper indicating the post-commencement satisfaction of federal jurisdictional

requirements...may remove the case to federal court within 30 days of receiving such information." Caterpillar Inc. v. Lewis, 519 U.S. 61, 62(1996).

Hemphill contends that the Notice of Removal was untimely because it was filed over three months after Safeway accepted service of the summons and complaint. This argument can succeed only if the Court agrees with the proposition that the initial complaint provided Safeway with notice that the case was removable to federal court.

Section 1332 provides the federal courts with jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states . . ." 28 U.S.C. § 1332. Safeway could conclude from the face of the complaint that diversity existed between it and Hemphill; Hemphill's complaint asserted that he was a citizen of Maryland, and Safeway is a Delaware corporation with its principal place of business in Pleasanton, California. See Notice of Removal, Paper No. 1. The complaint is less crystalline with respect to the damages demanded, however. The ad damnum clause seeks "damages in an amount to be determined by a jury, but not less than [$]50,000 for compensatory damages for pain and suffering, emotional distress, mental anguish, lost pay/benefits, front pay, punitive damages, interest, costs, reasonable attorney's fees, the amount of taxes due on any award, and such other relief as the Court deems just and fair." See Complaint, Paper No.2. The Court agrees with the Safeway's contention that it was not apparent from the face of this document that the amount in controversy exceeded $75,000, exclusive of interest and costs. Safeway became aware that Hemphill is seeking damages in excess of $75,000, exclusive of interest and costs, only after Hemphill answered written discovery requests regarding the amount in controversy. Within thirty days of the date on which Hemphill provided Safeway with this information (January 5, 2006),

Safeway filed a Notice of Removal pursuant to §1446.

Hemphill contends that the prayer in his Complaint for unspecified damages of "not less than $50,000" put Safeway on notice that the action "might be removable," and that Safeway therefore should have removed the case within thirty days of receipt of service of the initial complaint.[1] This ad damnum clause was not sufficient to inform Safeway that Hemphill sought damages in excess of $75,000, however. Under Fourth Circuit precedent,

> only where an initial pleading reveals a ground for removal will the defendant be bound to file a notice of removal within 30 days. Where, however, such details are obscured or omitted, or indeed misstated, that circumstance makes the case 'stated by the initial pleading' not removable, and the defendant will have 30 days from the revelation of grounds for removal in an amended pleading, motion, order or other paper to file its notice of removal

Lovern v. General Motors Corporation, 121 F.3d 160, 162 (4th Cir. 1997). The thirty day time limit in which Safeway could remove this case therefore did not begin upon receipt of the Complaint on October 17, 2005, because this document obscured or omitted the fundamental detail that Hemphill sought damages in excess of $75,000.

It would ask too much of defendants to require them to somehow divine that a Complaint demanding "not less than $50,000" actually sought at least $75,000, and therefore met the minimum requirements for federal diversity jurisdiction. To demand that defendants engage in such wild speculation would ignore the language of 1446(b), which provides that removal should be effectuated within thirty days of the receipt of a document or information "from which it may be ascertained that the case is one which is or has become removable." 28 U.S.C. 1446(b) (emphasis

---

[1] The only authority Hemphill cites for this position is a case from the District Court for the District of Columbia, where the Court remanded a case on the ground that defendant was on notice for more than thirty days that the case "might be removable." However, this Order fails to provide any specific facts or reasoning that would enlighten this Court regarding the District of Columbia Court's conclusion regarding the untimeliness of removal in that case. In any event, the D.C. case is not controlling, and appears to conflict with better-reasoned cases from this Circuit and other Courts that support Defendant's position that the case was timely removed.

3

added).  See Akin v. Ashland Chemical Co., 156 F.3d 1030, 1035 (10th Cir. 1998)("'ascertained' as used in section 1446(b) means a statement that 'should not be ambiguous' or one which 'requires an extensive investigation to determine the truth.'")  Here, Safeway could ascertain from the face of the Complaint only that Hemphill sought at least $50,000 in damages.  Safeway would have had to engage in speculation to conclude, based on this request, that Hemphill actually sought damages exceeding $75,000.

Hemphill's interpretation of the removal statute is not only inconsistent with the text of the statute, which requires certainty concerning the removability of a case, but also would require that defendants potentially run afoul of Rule 11 of the Federal Rules of Civil Procedure.  Rule 11 provides for sanctions against parties and attorneys who fail to make a reasonable inquiry into the facts and legal basis of any pleading or other argument presented to the court. F.R.C.P. 11.  If, as Hemphill contends, "a defendant were required to file a notice of removal within 30 days after the service of the initial pleading, even where that pleading did not reveal a ground for removal, he would often be faced with an intractable dilemma of either risking Rule 11 sanctions for noticing removal without making an adequate inquiry, or forgoing removal altogether.  The statute did not intend to put a defendant to this choice."  Lovern, 121 F.3d at 163.

In this case, the thirty-day time period for removal began when Hemphill served Safeway with his responses to Safeway's discovery requests, which indicated that the amount of controversy in this case exceeds $75,000, exclusive of interest and costs.  See Id. at 162-63; Link Telecommunications v. Sapperstein, et al., 119 F. Supp. 2d 536, 540-41 (D. Md. 2000) (if federal jurisdiction is not apparent in the initial pleading, the defendant can remove the case within thirty days of the discovery that the case is removable).  The conclusion that the 30-day time period for

4

removal began at this time, and not when Safeway received Hemphill's complaint seeking damages of "not less than $50,000," is consistent with case law from this circuit and other courts. See, e.g., Fragel v. Trinity Industries Transportation, Inc., 978 F. Supp. 1395 (D. Kan. 1997) (when original complaint sought damages "in excess of $50,000," 30-day time period removal did not begin to run until plaintiff explicitly told defendant that damages exceeded $75,000); Schwenk v. Cobra Manufacturing Co., 322 F. Supp. 2d 676, 680 (E.D. Va. 2004)(in the face of an ambiguous complaint, the plaintiff's refusal to admit or stipulate that the amount in controversy did not exceed $75,000 was the "other paper" from which Defendant first learned that the case was removable; this date started the 30-day removal time period); Chapman v. Powermatic, Inc, 969 F.2d 160 (5th Cir. 1992)(when a plaintiff fails to specify the amount of damages in its initial pleading, the defendant does not have to remove the action until the specific amount in controversy is determined, for example, through written discovery); Corley v, Southwestern Bell Telephone Co., 924 F. Supp. 782 (E.D. Tex. 1996)(period for filing notice of removal begins at the time defendant receives responses to requests for admission indicating that the plaintiffs sought more than the jurisdictional minimum); RBC Mortgage Co. v. Couch, 274 F. Supp. 2d 965 (N.D. Ill. 2003)(notice of removal was timely when the amount in controversy in the complaint was ambiguous; 30 day time period did not begin until defendant received the requested admission that plaintiff sought over $75,000 in damages).

Safeway could not ascertain that this case was removable until it received written discovery responses from Hemphill on January 5, 2006, stating that he sought damages in excess of $75,000. Only at this point did it become clear that federal jurisdiction was proper, and Defendant properly filed a Notice of Removal within thirty days of this date. Accordingly, the removal was timely

5

under 28 U.S.C. 1446 (b). By separate Order, this Court will DENY the Plaintiff's Motion to Remand.

| | |
|---|---|
|    4/20/06    |    / s/    |
| Date | ROGER W. TITUS |
| | UNITED STATES DISTRICT JUDGE |